IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 20- _____ |
|---|---|---|
| v. | : | DATE FILED:_____ |
| DERRICK BULLOCK<br>JOSHUA BRAND | : | VIOLATIONS:<br>18 U.S.C. § 371 (conspiracy to commit wire fraud and SNAP benefit fraud – 1 count)<br>18 U.S.C. § 1343 (wire fraud – 5 counts) |
| | : | 7 U.S.C. § 2024(b) (unlawful use, transfer, acquisition and possession of SNAP |
| | : | benefits – 4 counts)<br>18 U.S.C. § 2 (aiding and abetting) |
| | : | Notice of forfeiture |

**I N D I C T M E N T**

**COUNT ONE**

(Conspiracy to Commit Wire Fraud and SNAP Benefit Fraud)

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

1. Defendant DERRICK BULLOCK was the owner of Ryan Meat Market ("RMM"), a combination grocery store located at 4668 Frankford Avenue, Philadelphia, Pennsylvania 19124. RMM participated in the Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program. Defendant BULLOCK controlled the bank account used by the business, withdrew money from the account to use at the store, and worked the cash register at RMM.

1

2. Defendant JOSHUA BRAND was the manager of RMM, hired by Defendant DERRICK BULLOCK in or about April 2017. Defendant Brand worked the cash register at RMM.

3. SNAP was a federally-funded assistance program established and funded by the United States government to alleviate hunger and malnutrition among low- and middle- income families by increasing their food-purchasing power and ability.

4. The United States Department of Agriculture ("USDA") was an agency of the United States government's Executive Branch. USDA administered SNAP through the Food and Nutrition Service ("FNS"), an office within USDA.

5. FNS administered the authorization and revocation procedures for the retail food establishments participating in the redemption of SNAP benefits.

6. Regulations promulgated by the Secretary of Agriculture mandated that retail business participants in SNAP were prohibited from accepting SNAP benefits for the purchase of ineligible food items. Such prohibited items included alcoholic beverages, tobacco products, pet food, household supplies, prepared foods and hot foods.

7. Regulations promulgated by the Secretary mandated further that SNAP benefits could not, under any circumstances, be purchased or sold in exchange for cash.

8. The Pennsylvania Department of Public Welfare administered SNAP in the Commonwealth of Pennsylvania.

9. The Commonwealth of Pennsylvania distributed SNAP benefits to individual beneficiaries through electronic benefits transfer ("EBT") cards, or "Access Cards," which functioned like debit cards. The amount of SNAP benefits to which a beneficiary was entitled was electronically posted to the beneficiary's account on a monthly basis.

10. Each SNAP EBT card had a magnetic strip on the back encoded with information identifying the SNAP beneficiary and the beneficiary's account. After calculating the SNAP subtotal of the total price of the items purchased, the participating store's cashier or the beneficiary would swipe the EBT card through a card reader or point-of-sale terminal to begin the transaction. The beneficiary would then enter his or her secret personal identification number ("PIN") into a keypad and the sale was authorized if sufficient funds were available. If the transaction was authorized, the amount of the purchase was then deducted electronically from the SNAP benefits reserved for the SNAP beneficiary, and the amount was credited to the retailer's designated bank account. When using the EBT card method in a lawful manner, each transaction was for the exact dollar amount of the SNAP-eligible items – the participating store gave no change back to the SNAP beneficiary.

11. With regard to redemption, Xerox Corporation ("Xerox"), a company whose principal corporate office was located in Austin, Texas, functioned on behalf of USDA and the Commonwealth of Pennsylvania as the clearinghouse for the processing, approval and redemption of SNAP benefits. Xerox established separate accounts for each SNAP beneficiary which were funded by USDA as appropriate.

12. In or about January 2017, Conduent, Inc. ("Conduent"), a company whose principal corporate office was located in Austin, Texas, became the clearinghouse for the processing, approval and redemption of SNAP benefits in place of Xerox.

13. Transfers of funds from a SNAP beneficiary's account to the bank account of a participating grocery store were by electronic transmission performed by Xerox, and later, by Conduent.

14. RMM maintained a business account at Citizens Bank ("the Citizens account"), which account was designated to receive SNAP redemptions from USDA, through Xerox, and later, by Conduent.

## THE CONSPIRACY

15. From in or about July 2016, to in or about November 2017, at Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendants

**DERRICK BULLOCK and
JOSHUA BRAND**

conspired, combined, and agreed with each other, and with others known and unknown to the grand jury, to commit offenses against the United States, that is, (a) to knowingly use, acquire, possess, and aid and abet the use, acquisition and possession of SNAP Access devices, that is PA Access Cards, in a manner contrary to the federal statutes and regulations governing the SNAP program in violation of Title 7, United States Code, Section 2024(b), and (b) for the purpose of executing a scheme to defraud, to knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs and signals, that is, electronic claims for redemption of SNAP benefits, which claims were from RMM in Philadelphia PA, to Conduent, the financial intermediary for SNAP, located in a state other than Pennsylvania in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS

It was part of the scheme that:

16. Defendants DERRICK BULLOCK and JOSHUA BRAND and others knowingly used, transferred, acquired and possessed SNAP benefits in a manner contrary to law and applicable regulations by unlawfully purchasing SNAP benefits from individual SNAP beneficiaries who were customers at RMM in exchange for cash, and for which RMM

fraudulently charged the SNAP program a substantial amount larger than the amount of cash unlawfully paid to the SNAP beneficiaries.

17. Defendant DERRICK BULLOCK withdrew cash from the bank account of RMM on a regular basis, so that RMM would have plenty of cash available in the cash register to make unlawful purchases of SNAP benefits from individual SNAP beneficiaries who were customers at RMM.

18. Defendants DERRICK BULLOCK and JOSHUA BRAND and others presented and caused to be presented, and submitted and caused to be submitted, unlawful and fraudulently inflated SNAP transactions for redemption to USDA, through its clearinghouse, Xerox, and later, through Conduent, by way of interstate wire transmissions.

19. Through false and fraudulent representations, defendants DERRICK BULLOCK and JOSHUA BRAND and others induced USDA to fund the redemption of SNAP benefits presented and submitted, and to transfer those funds to RMM's Citizens Bank account.

20. From in or about July 2016 through in or about November 2017, defendants DERRICK BULLOCK and JOSHUA BRAND and others caused RMM to seek and receive from USDA the redemption of a total of over $600,000 in SNAP benefits.

**OVERT ACTS**

In furtherance of the conspiracy, defendants DERRICK BULLOCK and JOSHUA BRAND and others known and unknown to the grand jury committed the following overt acts in the Eastern District of Pennsylvania and elsewhere:

1. On or about May 22, 2015, defendant DERRICK BULLOCK, applied for a combination grocery store, RMM, to become a participating SNAP merchant, by completing an FNS Form, FNS-252.

2. In or about July 2016, defendant DERRICK BULLOCK opened a new bank account at Citizens Bank (account xxxxxx-6101) and designated that account at Citizens Bank as the bank account into which the SNAP deposits for RMM were to be deposited.

3. On or about February 17, 2017, defendant DERRICK BULLOCK caused RMM to electronically transmit, through interstate wires, a SNAP redemption request for approximately $96.43 which was deducted from a USDA-controlled PA Access EBT card. From this amount, an individual clerk unknown to the grand jury, gave a cooperating government witness approximately $50 in cash in exchange for the SNAP benefits. Through interstate wire transmission, approximately $96.43 in SNAP proceeds were deposited into the business bank account of RMM, controlled by defendant BULLOCK.

4. On or about May 11, 2017, defendant DERRICK BULLOCK caused RMM to electronically transmit, through interstate wires, a SNAP redemption request for approximately $129.99 which was deducted from a USDA-controlled PA Access EBT card. From this amount, defendant BULLOCK gave a cooperating government witness approximately $70 in cash in exchange for the SNAP benefits. Through interstate wire transmission, approximately $129.99 in SNAP proceeds were deposited into the business bank account of RMM, controlled by defendant BULLOCK.

5. On or about June 14, 2017, defendant DERRICK BULLOCK caused RMM to electronically transmit, through interstate wires, a SNAP redemption request for approximately $144.99 which was deducted from a USDA-controlled PA Access EBT card. From this amount, defendant BULLOCK gave a cooperating government witness approximately $84 in cash in exchange for the SNAP benefits. Through interstate wire transmission, approximately $144.99

in SNAP proceeds were deposited into the business bank account of RMM, controlled by defendant BULLOCK.

6. On or about September 12, 2017, defendant DERRICK BULLOCK caused RMM to electronically transmit, through interstate wires, a SNAP redemption request for approximately $149.99 which was deducted from a USDA-controlled PA Access EBT card. From this amount, defendant BULLOCK gave a cooperating government witness approximately $84 in cash in exchange for the SNAP benefits. Through interstate wire transmission, approximately $149.99 in SNAP proceeds were deposited into the business bank account of RMM, controlled by defendant BULLOCK.

7. On or about November 20, 2017, defendant JOSHUA BRAND told a cooperating government witness who asked defendant BRAND to conduct a SNAP fraud sale of SNAP benefits in exchange for cash to come back the next day to do the transaction.

8. On or about November 29, 2017, defendants DERRICK BULLOCK and JOSHUA BRAND caused RMM to electronically transmit, through interstate wires, a SNAP redemption request for approximately $101.99 which was deducted from a USDA-controlled PA Access EBT card. From this amount, defendant BRAND gave a cooperating government witness approximately $60 in cash in exchange for the SNAP benefits. Through interstate wire transmission, approximately $101.99 in SNAP proceeds were deposited into the business bank account of RMM, controlled by defendant BULLOCK.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH SIX

### (Wire Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 14 of Count One are incorporated here.

### THE SCHEME

2. From in or about July 2016, to in or about November 2017, in the Eastern District of Pennsylvania and elsewhere, defendants

**DERRICK BULLOCK and
JOSHUA BRAND**

devised and intended to devise a scheme to defraud the United States Department of Agriculture and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3. Defendants DERRICK BULLOCK and JOSHUA BRAND and others engaged in the manner and means alleged in paragraphs 16 through 20 of Count One, which are incorporated here.

4. On or about the dates set forth in each of the counts below, in the Eastern District of Pennsylvania and elsewhere, defendants

**DERRICK BULLOCK and
JOSHUA BRAND**

for the purpose of executing the scheme and artifice to defraud, knowingly transmitted and caused to be transmitted in interstate commerce, by means of wire communications, certain writings, signs and signals, that is, electronic claims for redemption of SNAP benefits, which

claims were from RMM in Philadelphia PA, to Conduent, the financial intermediary for SNAP, located in a state other than the Commonwealth of Pennsylvania:

| COUNT | DATE OF WIRE TRANSMISSION (ON OR ABOUT) | DEFENDANT(S) | INTERSTATE WIRE TRANSMISSION ORIGINATING IN THE EASTERN DISTRICT OF PENNSYLVANIA |
|---|---|---|---|
| 2 | February 17, 2017 | DERRICK BULLOCK | PA Access Card interstate wire transaction (SNAP) in the amount of $96.43 |
| 3 | May 11, 2017 | DERRICK BULLOCK | PA Access Card interstate wire transaction (SNAP) in the amount of $129.99 |
| 4 | June 14, 2017 | DERRICK BULLOCK | PA Access Card interstate wire transaction (SNAP) in the amount of $144.99 |
| 5 | September 12, 2017 | DERRICK BULLOCK | PA Access Card interstate wire transaction (SNAP) in the amount of $149.99 |
| 6 | November 29, 2017 | DERRICK BULLOCK JOSHUA BRAND | PA Access Card interstate wire transaction (SNAP) in the amount of $101.99 |

In violation of Title 18, United States Code, Section 1343.

## COUNTS SEVEN THROUGH TEN

### (SNAP Benefit Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 14 and 16 through 20 of Count One are incorporated here.

2. On or about the dates set forth in each of the counts below, in the Eastern District of Pennsylvania and elsewhere, defendants

**DERRICK BULLOCK and**
**JOSHUA BRAND**

knowingly used, transferred, acquired and possessed, and aided and abetted the use, transfer, acquisition and possession, of SNAP benefits having a value greater than $100 in a manner contrary to the provisions of Chapter 51, of Title 7, United States Code, and Chapter II, part 271 *et seq.* of Title 7, Code of Federal Regulations, that is, the defendants knowingly and unlawfully exchanged SNAP benefits for cash by processing a SNAP transaction with a PA Access Card in the amounts listed below:

| COUNT | ON OR ABOUT DATE | DEFENDANT(S) | UNLAWFUL USE, TRANSFER, ACQUISITION AND POSSESSION OF SNAP BENEFITS |
|---|---|---|---|
| 7 | May 11, 2017 | DERRICK BULLOCK | Using the EBT system to transfer, acquire and possess $129.99 from a PA Access Card. The card holder was given $70 in cash. |
| 8 | June 14, 2017 | DERRICK BULLOCK | Using the EBT system to transfer, acquire and possess $144.99 from a PA Access Card. The card holder was given $84 in cash. |
| 9 | September 12, 2017 | DERRICK BULLOCK | Using the EBT system to transfer, acquire and possess $149.99 from a PA Access Card. The cardholder was given $84 in cash. |
| 10 | November 29, 2017 | DERRICK BULLOCK JOSHUA BRAND | Using the EBT system to transfer, acquire and possess $101.99 from a PA Access Card. The cardholder was given $60 in cash. |

In violation of Title 7, United States Code, Section 2024(b) and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE #1

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 1343, as set forth in Counts Two through Six of this indictment, defendants

**DERRICK BULLOCK and
JOSHUA BRAND**

shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

2. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of the proceeds of the violations alleged in Counts Two through Six of this indictment.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of the due diligence;

    b. has been transferred to or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in valued; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

## NOTICE OF FORFEITURE #2

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 7, United States Code, Section 2024(b) set forth in Counts Seven through Ten of this indictment, defendants

**DERRICK BULLOCK AND
JOSHUA BRAND**

shall forfeit to the United States all property, real or personal, used in a transaction to commit or facilitate the commission of the offenses and all property which constitutes or is derived from proceeds traceable to such offenses.

2. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of the proceeds of the violations charged in Counts Seven through Ten of this indictment.

3. If any of the property subject to the forfeiture, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of property subject to forfeiture.

Pursuant to Title 7, United States Code, Section 2024(f), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

for _____
**WILLIAM M. MCSWAIN**
**UNITED STATES ATTORNEY**